UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-2072 |
| ) | Crim. Case No. 07-20055 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

This matter is now before the Court on Petitioner King's's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Denied.

### BACKGROUND

Petitioner King filed this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015). King pled guilty to three counts of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) on June 19, 2007. Shortly thereafter, he pled guilty to violating the terms of his supervised release from a prior federal case. Because King had prior convictions for a controlled substance offense and robbery,[1] he qualified for the Career Offender enhancement under U.S.S.G. § 4B1.1. On September 18, 2007, he was sentenced to three concurrent terms of 216 months' imprisonment on the new convictions and a consecutive term of 24 months' imprisonment on the supervised release revocation.

---

[1] Petitioner was convicted of unlawful possession of a controlled substance with intent to deliver in Case No. 92-CF-365 in Macon County and robbery in Case No. 97-CF-569 in Macon County.

**STANDARD OF REVIEW**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

**ANALYSIS**

King claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. That Section of the Guidelines provides that a defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. B1.1(a). Section 4B1.2(a) defines the term "crime of violence":

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

2

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. 4B1.2 (emphasis added)

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court is identical to the residual clause in Section 4B1.2(a) of the Sentencing Guidelines, italicized above. In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to case on collateral review. *Id.*

King's Motion seeks to invoke *Johnson*, claiming that his prior offenses fell within the residual clause of the guidelines. However, *Johnson* invalidated only the residual clause of the Armed Career Criminal Act, while King qualified for a sentence enhancement under the career offender provision in the Sentencing Guidelines, not the ACCA. In the Seventh Circuit, *Johnson* has not been extended to enhancements under the sentencing guidelines, such as the career offender provision. While the premise may someday be extended to the substantively similar language of the career offender provision in the guidelines, it has not at this time. The issue is currently pending before the Seventh Circuit in *United States v. Rollins*, No. 13-1731; *United States v. Hurlburt*, Case No. 1403611; *United States v. Gillespie*, Case No. 15-1686. However, the Seventh Circuit§s prior decision in United States v. Tichenor, 683 F.3d 358, 364 (7th Cir. 2012), held that the guidelines are not subject to vagueness attacks, which is precisely what an

3

application of Johnson under these circumstances would entail. Moreover, even assuming that the holding of *Johnson* is ultimately applied to the residual clause of the career offender guideline, it is far from certain that it would also be found to apply retroactively to these cases on collateral review. *See Garecht v. United States*, 2016 WL 3581994 (C.D.Ill. June 28, 2016).

Even assuming that *Johnson* could be applied under the circumstances of this case, the record indicates that King would not be entitled to relief as the convictions qualifying him as a career offender did not invoke the residual clause of the guideline. Rather, one of the convictions was a prior controlled substance offense, which were unaffected by the holding in *Johnson*; the other involved a conviction for robbery. The Government argues that the robbery conviction qualified as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a), as it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Convictions qualifying under the elements clause were also unaffected by the holding in *Johnson*.

Evaluating prior convictions to determine whether they qualify as violent felonies implements a categorical approach that looks at the elements of the statute itself, not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Rogers*, 804 F.3d 1233, 1236 (7th Cir. 2015). As King's prior robbery conviction came out of Macon County, Illinois, the Court must turn to Illinois law to evaluate the elements of the offense. King was charged with and convicted of robbery under 720 ILCS 5/18-1. At that time, this section provided: "A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." Accordingly, the elements of robbery clearly included the use, attempted use, or threatened use of physical force against the person of

4

another and would continue to qualify as a "violent felony" or "crime of violence" under the elements clause even in the wake of *Johnson*. *See also*, *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990) (holding that in Illinois, robbery is a crime of violence under the USSG "because it is defined as the taking of property 'by the use of force or by threatening the imminent use of force'"); *United States v. Dickerson*, 901 F.2d 579, 583-85 (7th Cir. 1990); *Gregory v. United States*, 2016 WL 3916981 at *2 (S.D.Ill. July 20, 2016).

The Court would also note that robbery continues to be one of the crimes specifically enumerated in the career offender guideline application, USSG § 4B1.2(a)(2), as a crime of violence. As the "enumerated clause" listing specific offenses deemed to be crimes of violence was also undisturbed by *Johnson*, his claim would fail for this reason, as well. Therefore, King is not entitled to relief under *Johnson*, and his Motion must be denied.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, even when the questions of applicability and retroactivity of *Johnson* to cases challenging career offender cases under the USSG on collateral review are construed in his favor, no reasonable jurist could conclude that King's claims were not either devoid of factual support or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated above, Petitioner King's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED. Certificate of appealability is DENIED This matter is now terminated.

ENTERED this 22nd day of August, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
